**FILED**
CLERK, U.S. DISTRICT COURT

SEP 24 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RS_____ DEPUTY

**FEE DUE**

NAME: Michael Reinhold Mammoth

PRISON IDENTIFICATION/BOOKING NO.: AR 5773

ADDRESS OR PLACE OF CONFINEMENT: 1 Kings Way P.O. Box 906 Asp 630

Avenal, CA. 93204

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FULL NAME (*Include name under which you were convicted*): Michael Reinhold Mammoth

Petitioner,

v.

NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER: Rosemary NOOH

Respondent.

CASE NUMBER:

CV 5:21-CV-01641-JAK-PLA
To be supplied by the Clerk of the United States District Court

☐ _____ **AMENDED**

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION: Riverside, CA.
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV 16-2648 - JAK (PLA) Direct appeal
CV

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention    Avenal State Prison   Avenal, CA. 93204
   b. Place of conviction and sentence   Riverside County

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*):   Lewd acts

   b. Penal or other code section or sections:   P.C 269, P.C. 288, P.C. 311.11

   c. Case number:   RIF 1300887
   d. Date of conviction:   Aug 23, 2013
   e. Date of sentence:   Oct 18, 2013
   f. Length of sentence on each count:   15 To LIFE

   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes   ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number:   G050924
   b. Grounds raised (*list each*):
      (1) Ineffective assistance of counsel
      (2) admissibility of admissions

(3) _Fines and Fees error_

(4) _____

(5) _____

(6) _____

c. Date of decision: _July 7, 2015_

d. Result _Denied, remanded and affirmed_

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes   ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: _S270005_

b. Grounds raised *(list each)*:

(1) _McCoy error_

(2) _Whether counsel concede guilt_

(3) _Whether petitioner was denied a complete defense and due process_

(4) _right to confrontation_

(5) _right to bring forth new evidence_

(6) _commulative prejudice of these errors_

c. Date of decision: _Sept. 15, 2021_

d. Result _Denied petition for review_

5. If you did not appeal:

a. State your reasons _Have exhausted all state remedies_

_____

_____

_____

_____

b. Did you seek permission to file a late appeal?   ☐ Yes   ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes   ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: _Superior Court of California   County of Riverside_

(2) Case number: _RIC 1901410_

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _Feb 22, 2019_

(4) Grounds raised *(list each)*:

(a) ___Brady violation___

(b) ___New evidence discovered___

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: ___Feb 20, 2019___

(6) Result ___Denied on Prima Facie___

_____

(7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

b. (1) Name of court: ___Court of Appeal, Fourth Appellate District, Division Three___

(2) Case number: ___G057590___

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ___Feb 21, 2019___

(4) Grounds raised *(list each)*:

(a) ___Brady violation___

(b) ___new evidence discovered___

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: ___Feb. 29, 2019___

(6) Result ___Denied___

_____

(7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

c. (1) Name of court: ___California Supreme Court___

(2) Case number: ___S256092___

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ___May 31, 2019___

(4) Grounds raised *(list each)*:

(a) ___Brady violation___

(b) ___new evidence discovered___

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _Aug 14, 2019_

(6) Result _Denied (courts will not entertain habeas corpus claims that are successive)_

(7) Was an evidentiary hearing held?   ☐ Yes ☒ No

7.   Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

8.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION:   *Exhaustion Requirement*:  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a.   Ground one: _"McCoy error"  McCoy v. Louisiana 138 S.Ct. 1500 violation._

(1) Supporting FACTS: _Petitioner's attorney conceded her client's guilt after he informed the Court that he would not be testifying because his attorney wanted him to concede to a count or lesser on the stand in order to "get out" of a life sentence. Petitioner made it clear to the Court and his attorney that by not testifying he would remain innocent._

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes ☒ No

b.   Ground two: _Rights to maintain innocence over petitioner's objections prior to the start of Court._

(1) Supporting FACTS: _See Defendant's Declaration_

_____

_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☒ No

c.  Ground three:  _Present a complete defense_

(1) Supporting FACTS:  _See Exhibits C and D_
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☒ No

d.  Ground four:  _Rights to confrontation_

(1) Supporting FACTS:  _See Marsden transcript_
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☒ No

e.  Ground five:  _Due Process error of Superior Court for not holding an evidentiary hearing_

(1) Supporting FACTS:  _See Exhibit F_
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☒ No

9. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _The McCoy error, it did not exist at the time of petitioner's case on direct appeal. McCoy is a 2018 decision and petitioner's case was in 2013._

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
☐ Yes  ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

   (5) Date of decision: _____

   (6) Result _____

   _____

   (7) Was an evidentiary hearing held?  ☐ Yes ☐ No

b. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

   (5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?      | Yes  ☒ No

If so, give the following information (and attach a copy of the petition if available):

    (1) Name of court: Supreme Court of California

    (2) Case number: S270005

    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): August 04, 2021

    (4) Grounds raised (list each):

      (a)  McCoy error

      (b)  right to maintain innocence

      (c)  Present a complete defense

      (d)  right to confrontation

      (e)  Due Process

      (f)  commulative errors resulting in prejudice

12. Are you presently represented by counsel?      ☐ Yes ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  9/21/2021
      *Date*

*Michael R. Maunu*

*Michael R. Maunu*
    *Signature of Petitioner*

Michael  Reinhold  Mammoth
_____
Petitioner

Rosemary  NDOH
_____
Respondent(s)

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

I, _Michael R. Mammoth_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?  ☐ Yes  ☒ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _Feb 06, 2013_____

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?  ☐ Yes  ☒ No
   b. Rent payments, interest or dividends?  ☐ Yes  ☒ No
   c. Pensions, annuities or life insurance payments?  ☐ Yes  ☒ No
   d. Gifts or inheritances?  ☐ Yes  ☒ No
   e. Any other sources?  ☐ Yes  ☒ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

   _____

   _____

3. Do you own any cash, or do you have money in a checking or savings account?  *(Include any funds in prison accounts)*
   ☐ Yes  ☒ No

If the answer is yes, state the total value of the items owned: _____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?  *(Excluding ordinary household furnishings and clothing)*  ☐ Yes  ☒ No

   If the answer is yes, describe the property and state its approximate value: _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___7 / 25 / 2021___        *Michael R. Mummer*
         Date                              Signature of Petitioner

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ ___0.13___ on account to his credit at the ___Avenal State Prison___ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____

___8/30/21___                         *N. Marine*
      Date                         Authorized Officer of Institution/Title of Officer

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY ___Manning___
TRUST OFFICE

Date\Time: 8/30/2021 2:30:38 PM

Institution: ASP

**CDCR**                                    Verified: _____

## Inmate Statement Report

| CDCR# | Inmate/Group Name | Institution | Unit | Cell/Bed |
|-------|-------------------|-------------|------|----------|
| AR5773 | MAMMOTH, MICHAEL | ASP | F  630 2 | 015005 |

**Current Available Balance:**          $0.13

### Transaction List

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|------------------|-------------|------------------|-------------|-----------------|--------|-----------------|
| 03/01/2021 | ASP | BEGINNING BALANCE | | | | $0.00 |
| 04/29/2021 | ASP | TRACS TRANSFER IN | TX04292021 | | $0.13 | $0.13 |

### Encumbrance List

| Encumbrance Type | Transaction Date | Amount |
|------------------|------------------|--------|
| **No information was found for the given criteria.** | | |

### Obligation List

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|-----------------|-------------|-----------------------|-----------------------------------|-----------------|
| **No information was found for the given criteria.** | | | | |

### Restitution List

| Restitution | Court Case# | Status | Original Owed Balance | Interest Accrued | Sum of Tx for Date Range for Oblg | Current Balance |
|-------------|-------------|--------|-----------------------|------------------|-----------------------------------|-----------------|
| RESTITUTION FINE | RIF1300887 | Active | $5,000.00 | $0.00 | ($0.49) | $4,700.28 |

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
TRUST OFFICE

2

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR PARTY, OR NAME,
ADDRESS & INMATE ID # OF PETITIONER IF PETITIONER IS PRO PER

Michael R. Mammoth  AR 5773
A.S.P. 630
I Kings Way
P.O. Box 906
Avenal, CA. 93204

ATTORNEYS FOR:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Michael Reinhold Mammoth

Petitioner,

v.

Rosemary NDOH

Respondent.

CASE NUMBER

**CONSENT TO PROCEED BEFORE A UNITED STATES
MAGISTRATE JUDGE
(STATE /FEDERAL HABEAS CASE)**

## I     NOTICE OF A MAGISTRATE JUDGE'S AVAILABILITY

1.  A magistrate judge is available under 28 U.S.C. § 636 ( c) to conduct all proceedings in this case, including dispositive matters, and entry of final judgment.  However, a magistrate judge can be assigned to rule on dispositive matters only if all parties voluntarily consent.

2.  You are free to withhold consent to magistrate judge jurisdiction.

3.  If both parties consent to have a magistrate judge decide the case, either party may appeal directly to the Ninth Circuit Court of Appeals, as if a district judge had decided the matter.

4.  If both parties do not consent to have a magistrate judge decide the case, the assigned magistrate judge will continue to decide all non-dispositive matters, and will issue a Report and Recommendation to the district judge as to all dispositive matters.

## II     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

| Name of Counsel **OR** Party if Pro Per | Signature and date | Counsel for (Name Party) |
|---|---|---|
| Michael R. Mammoth | Michael R. Mammoth | 9/21/2021 |

## III     NOTICE TO COUNSEL FROM CLERK

All parties having consented to proceed before the assigned magistrate judge, please specify the case number as _____ on all documents subsequently filed in this case.

CV-11B (01/09)   CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE (STATE/FEDERAL  HABEAS CASE)

Name: Michael R. Mammoth

Address: W.S.P  B3-233u

701 Scofield Avenue

P.O. Box 5500

Wasco, CA. 93280

CDC or ID Number: AR5773

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 26 2021

HC-001

APR 27 2021

Superior Court of California

County of Riverside

4100 Main Street

Riverside, CA. 92501

*(Court)*

Michael R. Mammoth
_____
Petitioner

vs.

Rosemary NDOH
_____
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. CVRI2101910
_____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2019]

**PETITION FOR WRIT OF HABEAS CORPUS**

Page 1 of 6

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

HC-001

**This petition concerns:**

☒ A conviction          ☐ Parole

☐ A sentence            ☐ Credits

☐ Jail or prison conditions   ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: __Michael R. Mammoth__

2. Where are you incarcerated? __Wasco, State Prison   Wasco, CA. 93280__

3. Why are you in custody? ☒ Criminal conviction   ☐ Civil commitment

   *Answer items a through i to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   __LEWD ACTS UPON A CHILD UNDER 14__

   b. Penal or other code sections: __P.C. 288(b)   P.C. 269__

   c. Name and location of sentencing or committing court:
   __Superior Court County of Riverside__
   __4100 Main Street__
   __Riverside, CA. 92501__

   d. Case number: __RIF1300887__

   e. Date convicted or committed: __23 AUG. 2013__

   f. Date sentenced: __18 OCT 2013__

   g. Length of sentence: __105 to life__

   h. When do you expect to be released? _____

   i. Were you represented by counsel in the trial court? ☒ Yes   ☐ No   *If yes, state the attorney's name and address:*
   __Mellissa Hale__
   __4075-A Main Street__
   __Riverside, CA. 92501__

4. What was the LAST plea you entered? *(Check one):*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF                                                              HC-001

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

The petitioner is seeking post-conviction relief based on the 2018
Supreme Court decision of McCoy v. Louisiana 138 S. Ct. 1500, on which
the defendant's counsel (Ms. Hale) conceded her client's guilt before his
Jury of Peers in direct opposition to her client's wishes after he had
refused to testify on his own behalf.   See attached court reporter's
transcript.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).*

The transcript says it all in Ms. Hale's own words.  Ms. Hale,
the defendant's public defender, knowingly conceded the defendant's
guilt after he refused to take the stand on his own behalf.
As the transcript shows, Ms. Hale had never made a decision as to
how she was going to handle the case's defense.  Her conceding
her client's guilt to the Jury "guarantee" a guilty verdict and
took away all reasonable doubt towards the defendant, who objected
strongly to this tactic by refusing to testify on his own behalf
after discovering that there were no witnesses present to testify
for the defense.

b. Supporting documents:

Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474.)

see attached Court reporter's transcript and probationary report.

c. Supporting cases, rules, or other authority *(optional)*:

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

McCoy v. Louisiana, 138 S. Ct. 1500

see attached extra pages.

HC-001 [Rev. January 1, 2019]              **PETITION FOR WRIT OF HABEAS CORPUS**                        Page 3 of 6

6. C) Grounds for Relief:

In this petition, petitioner is claiming that his trial attorney provided ineffective assistance by conceding her client's guilt to his jury of peers at trial. Petitioner seeks postconviction relief under McCoy v. Louisiana, 138 S. Ct. 1900. This habeas petition is alleging the particular facts as found in the trial transcript and has provided copies of the trial transcript to support the claim.

The trial transcript is not "vague", but conclusory towards the facts that align it with the McCoy decision. (In re Martinez (2009) 46 Cal. 4th 945, 955-956. [ The petition should ... state fully and with particularity the facts on which relief is sought [ McCoy v. Louisiana ], as well as ... includes copies of reasonably available documentary evidence supporting the claim. (Emphasis added); People v. Duvall (1995) Cal. 4th 464, 474; People v. Karis (1998) 46 Cal. 3d. 612, 656; In re Swain (1449) 34 Cal. 2d. 300, 303-304.) "Since a petition for writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment, the petitioner bears the heavy burden initially to plead sufficient grounds for relief and then later to prove them." (Duvall, supra, 9 Cal. 4th at p. 474). A habeas petitioner "must prove, by a preponderance of the evidence ( the trial transcript) facts that establish a basis for relief on habeas corpus." (Visciotti, supra, 14 Cal. 4th at p. 351; cf. In re Rosenkrantz (2002) 29 Cal. 4th 616, 675 [ holding that petitioner bears the ultimate burden of proving the factual allegations that serve as the basis for the requested relief. ]

1    The Trial transcript is the actual written recordings
2   of the proceedings that occurred at trial, Ms. Hale,
3   petitioner's public defender words were recorded as she
4   spoke to the jury. There can be "No denying" that these words
5   were not spoken. Ms. Hale speaking " I'm trying to tell you
6   that Mr. Mammoth is guilty of orally copulating his daughter.
7   He's guilty of that." [ RT 182 - 21, 22 ]. Petitioner objected
8   to what she said in his marsden hearing before sentencing.
9        Petitioner's ineffective assistance of counsel argument
10   is supported by the trial transcript, so there fore the court
11   in receiving this petition of habeus corpus has the understanding
12   that petitioner's factual allegations are true and should grant
13   just cause for relief under McCoy v. Louisiana. By doing
14   so, petitioner has established a prima facie case for relief.
15   ( People v. Duvall (1995) 9 Cal. 4th 464, 475.
16       Moreover, petitioner's current habeas does not re-raise
17   any claims made in previous habeas petitions and this claim
18   could not have been brought up on direct appeal since McCoy
19   v Louisiana is a 2018 Supreme Court decision not available
20   at the time of the direct appeal back in 2013, thereby this
21   petition should not be construed as a "successive" claim
22   that could be constitued as an abuse of the Writ of habeus
23   corpus. ( See In re Reno (2012) 55 Cal. 4th 428, 453.). [ "a
24   petitioner's failure in a second or successive habeas petition ...
25   both to acknowledge the limitations of habeas corpus as an avenue
26   of properly before the court, can be considered an abuse of the
27   writ process."]   In re Clark (1993) 5 Cal. 4th 750, 767-769;
28   In re Miller (1941) 17 Cal. 2d. 734, 735.] Raising variations of

2

1  a previously rejected habeas claim justifies summary

2  denial without reaching the merits. (See Deno, supra,

3  55 Cal. 4th at pp. 455-456.). This current petition is not

4  raising previously raised issues or variations there of,

5  this petition is a "McCoy error".

6      Lastly, the issue raised in this petition is not

7  frivolous and shows a deficient performance of counsel

8  in accordance to McCoy v. Louisiana. It shows that

9  counsel's representation fell below an objective standard

10  of reasonableness measured against prevailing professional

11  norms and that prejudice resulted. (Strickland v. Washington

12  (1984) 466. US. 668).

13      This court should have issued an order to show cause if

14  the petitioner has made a prima facie showing and in doing so

15  the court must take petitioner's factual allegations as true

16  and make a preliminary assessment regarding whether petitioner

17  would be entitled to relief if his or her factual allegations

18  were proven to be true. Relief should be granted. Instead

19  the court failed to address any of the issue petitioner raised.

20

21              Respectfully submitted

22              Michael R. Manriotg

23

24

25

26

27

28

3

7. **Ground 2 or Ground** _____ *(if applicable):*

HC-001

_____
_____
_____
_____
_____
_____

a. Supporting facts:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

b. Supporting documents:

_____
_____
_____
_____
_____
_____

c. Supporting cases, rules, or other authority:

_____
_____
_____
_____
_____
_____

HC-001

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes  ☐ No   *If yes, give the following information:*

   a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
   Court of Appeal , 4th District, Division 2 , California

   b. Result: REMANDED AND AFFIRMED   c. Date of decision: June 15, 2015

   d. Case number or citation of opinion, if known:   G050924

   e. Issues raised: (1) Sufficiency of Evidence

      (2) admissibility of admission Miranda right

      (3) FINES / FEES ERRORS

   f. Were you represented by counsel on appeal? ☒ Yes  ☐ No   *If yes, state the attorney's name and address, if known:*
   Edward J. Haggerty
   20955 Pathfinder Road, Suite 110 Diamond Bar, CA. 91765

9. Did you seek review in the California Supreme Court? ☒ Yes  ☐ No   *If yes, give the following information:*

   a. Result: Denied   b. Date of decision: July 07, 2015

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) First amendment violates

      (2) Fouth and Fifth amemdment violates

      (3) SIXTH amendment violation

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal (see *In re Dixon* (1953) 41 Cal.2d 756, 759):
    The case seeking relief had not existed until 2018.
    McCoy v. Louisianna 138 S.Ct. 1500.

11. Administrative review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

    b. Did you seek the highest level of administrative review available?  ☐ Yes  ☐ No
    *Attach documents that show you have exhausted your administrative remedies. (See People v. Duvall (1995) 9 Cal.4th 464, 474.)*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767–769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)
    ☒ Yes  *If yes, continue with number 13.*   ☐ No  *If no, skip to number 15.*

HC-001

13 a. (1) Name of court: U.S. District Court of California

(2) Nature of proceeding (for example, "habeas corpus petition"): Federal Habeas

(3) Issues raised: (a) ineffective assistance of counsel

(b) 5th and 14th amendment violations

(4) Result (attach order or explain why unavailable): denied

(5) Date of decision: Sept 06, 2017

b. (1) Name of court: Superior Court of Riverside

(2) Nature of proceeding: Habeas petition

(3) Issues raised: (a) newly discovered evidence

(b) _____

(4) Result (attach order or explain why unavailable): denied on Prima Facia

(5) Date of decision: Sept 13, 2016

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

NO HEARINGS HELD

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Robbins (1998) 18 Cal.4th 770, 780.)

NEW CASELAW 2018 decision McCoy v. Lousianna 138 S. Ct 1500

16. Are you presently represented by counsel? ☐ Yes ☒ No   If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes ☐ No   If yes, explain:
An appeal based on SB-865 concerning 1170.91 resentencing issue.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 4-18-2021

_Michael R. Munn_
(SIGNATURE OF PETITIONER)

1   IN THE APPELLATE COURT, 4TH DISTRICT, 2ND DIVISION

2   FOR THE STATE OF CALIFORNIA IN THE COUNTY

3   OF RIVERSIDE, CALIFORNIA.

4

5   THE PEOPLE                           CASE NO. CVRI 2101910

6      PLAINTIFF and Respondent          Petitioner's Denial;

7   V.                                   Points and Authorities in Support

8                                        of Denial (traverse).

9   Michael Reinhold Mammoth
         Defendant appellant

10

11      To the honorable Appellate Court Justices concerning this

12   petition of writ of habeas, CASE NO. CVRI 2101910 in the

13   criminal case no. RIF1300887. Having read the attachment

14   to the Denial order, petitioner in this traverse will address

15   each of the deficiencies that the Honorable Judge O' Rane

16   has cited. In the petition that is now before the Appellate

17   Court, 4TH District, 2ND Division of California, petitioner

18   claims that his trial attorney provided ineffective assistance

19   by admitting his guilt to the jury in violation of the Supreme

20   Court decision in McCoy v. Louisiana (2018) 138 S. Ct. 1500.

21   Although petitioner has raised a claim of ineffective assistance

22   of counsel in several prior petitions. The prior petitions

23   presented the aspects of ineffective assistance albeit

24   under "separate legal theories"; therefore petitioner should

25   not be barred from filing a "McCoy error" in his current

26   petition.

27      In this current petition, petitioner has filed for relief

28   because a "McCoy error" had occurred in his trial which

1   is supported by the transcript of the trial. Petitioner's
2   defense attorney, Ms. Hale, after being told before the
3   start of court that the defendant would not testify on his
4   behalf because he did not want to take the stand and
5   [Lie] concede to a lower charge in order to avoid a
6   life sentence. (See the attached Marsden transcript).
7   This was said to the trial Judge before the start of
8   court that he refused to testify, and not lie, but maintain
9   his innocence in the trial proceedings. The Judge had to
10  subsequently change the jury instructions to reflect that
11  the defendant would not be testifying on his behalf.
12  Ms. Hale, however, continue with her plans to concede the
13  defendant's guilt over his objections. (See defendant's
14  declaration). Since the "McCoy error" decision occurred
15  in 2018, it was not available during the time of the
16  defendant's case in 2013. Petitioner was not able to
17  file a "McCoy error" because that case did not exist at
18  the time and petitioner became aware of the case after
19  returning to State prison after being out to court for a
20  resentencing matter under S.B. 865 and due to the pandemic
21  was delayed. After returning, petitioner immediately
22  filed this habeas (April 26, 2021) claiming relief under
23  McCoy v. Louisiana (2018) 138 S.Ct. 1500. Petitioner should
24  not be denied on the bases of filing prior petitions based
25  on I.A.C., albeit under different legal theories or failing
26  to raise all claims in the past petitions in this current
27  petitioner since a "McCoy error" is a stand alone issue.
28  Petitioner did mention the alleged facts establishing an

1  exception to the rule requiring all claims to raised in one
2  timely filed Petition. The petitioner was out to court from
3  July 2018 until March 2021 for resentencing under SB-865.
4  The McCoy decision was prior to the defendant's case
5  and that the defendant clearly stated so in the petition.
6        As McCoy does not categorically prohibit a defense
7  attorney from conceding guilt on a count or lesser; it
8  protects a defendant's ability to choose whether or not
9  to assert innocence, the petitioner defense attorney,
10 Ms. Hale took away that ability when she conceded her
11 client's guilt on a count or lesser when her client protested
12 her tactic by not testifying over the issue of conceding
13 guilt on a count or lesser. The defendant clearly stated to
14 his trial judge before the start of court that morning.
15 McCoy makes clear that for a Sixth Amendment violation
16 to lie, a defendant must make his intention known to
17 maintain his innocence which the defendant in the case
18 clearly did and was preserved in his Marsden hearing.
19 Yet, counsel overrode his objections and conceded his
20 guilt anyway. (See attached Marsden transcript). In
21 McCoy it's not enough to deny guilt during the court proceedings,
22 a defendant must show he 'made it clear to his counsel
23 or the court', that the objective of his defense was to
24 maintain innocence, or that he voiced an "intransigent
25 object" or any opposition — the refusal to testify and
26 concede as defendant's attorney wanted — to his lawyer's
27 defense strategy and that is exactly what the defendant did
28 to the best of his abilities at the time of his case in 2013.

Dated: June 25, 2021                    Respectfully submitted
                                        Michael P. Moratty

*Originally Filed in Division 2*

Name: Michael R. Mammoth AR5773

Address: 1 Kings Way
P.O. Box 906
Avenal, CA. 93204

CDC or ID Number: AR5773

Court of Appeal
Fourth Appellate District Division Two
3359 Twelfth Street
Riverside, CA. 92501
*(Court)*

Court of Appeal
Fourth Appellate District
Division Two
**ELECTRONICALLY FILED**

**2:38 pm, Jun 28, 2021**

By: B. Ramirez

HC-001

Michael R. Mammoth
Petitioner

vs.

Rosemary N DOH
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. **E077315**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2019]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

1

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 7/8/2021 by M. Castaneda, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MICHAEL R. MAMMOTH<br><br>on Habeas Corpus. | G060436   – (Moved from Division 2)<br><br>(Super. Ct. No. RIF1300887)<br><br>O R D E R |

THE COURT:*

    The petition for a writ of habeas corpus is DENIED.

O'LEARY, P. J.

* Before O'Leary, P. J., Goethals, J., and Marks, J.**
**Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.



## Supreme Court of California

JORGE E. NAVARRETE
CLERK AND EXECUTIVE OFFICER
OF THE SUPREME COURT

EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

August 4, 2021

Michael R. Mammoth
CDC# AR-5773
Avenal State Prison
1 Kings Way
Avenal, CA 93204

Re:    **S270005 - MAMMOTH (MICHAEL R.) ON H.C.**

Dear Mr. Mammoth:

The court has granted permission to file the oversized petition for review and the petition was filed this date.

Very truly yours,

JORGE E. NAVARRETE
Clerk and
Executive Officer of the Supreme Court

*R. Ho*

By:  R. Ho, Deputy Clerk

Cc:    Rec

SUPREME COURT
# FILED

SEP 1 5 2021

Court of Appeal, Fourth Appellate District, Division Three - No. G060436

Jorge Navarrete **Clerk**

S270005

_____

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re MICHAEL R. MAMMOTH on Habeas Corpus.

---

The petition for review is denied.

CANTIL-SAKAUYE
_____
*Chief Justice*

# S270005

SUPREME COURT
FILED

AUG 0 4 2021

Jorge Navarrete Clerk

Deputy

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

THE PEOPLE OF CALIFORNIA

    Respondent

v.

Michael Reinhold Mammoth

    Appellant

No.

**FILED WITH PERMISSION**

Court of Appeal NO. G060436

Riverside Sup. Ct. NO. RJF1300887

## PETITION FOR REVIEW

TO THE HONORABLE TANI CANTIL-SAKAUYE, CHIEF JUSTICE OF CALIFORNIA, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA.

    Pursuant to rule 8.500, subdivision (a)(1), of the California Rules of Court, Michael Reinhold Mammoth, defendant and appellant, respectfully petitions for review the unpublished decision of the California Court of Appeal, 4th District, 3rd Division, filed on July 8, 2021, denying his petition of writ of habeas corpus. A copy of the order is attached to this petition as Appendix A. A petition for rehearing was not filed.

    Appellant seeks review under California Rules of Court, rule 8.500, subdivision (b)(1), to settle an important question of law. In addition, review is sought to exhaust state remedies before seeking federal habeas relief. The appellate court summarily denied the writ of habeas corpus, no comment was given by the court.

RECEIVED

JUL 2 2 2021

CLERK SUPREME COURT

<u>ISSUE PRESENTED FOR REVIEW</u>

1. Whether a "McCoy error" occurred in the appellant's trial since appellant's attorney conceded her client's guilt after he informed the court that he would not be testifying on his behalf because his attorney wanted him to concede to a count or lesser on the stand in order to "get out" of a life sentence. Appellant made it clear to the court that by not testifying he would maintain his innocence at trial. (See Exhibit A; Jury instr. 355)

<u>OTHER ISSUES PRESENTED</u>

2. The trial court denied appellant his federal constitutional rights to maintain his innocence by letting his counsel concede guilt to a charge or lesser over appellate's objections prior to the start of court. Appellant made it clear to the court and counsel that he would not testify and concede on the stand to a count or lesser because he would in effect be lying under oath to avoid a life sentence. (See Exhibit B, Defendant's Declaration)

3. Counsel denied appellant his federal constitutional rights to maintain his innocence and to present a complete defense. No defense was provided whatsoever by counsel even though there were critical witnesses available for the defense. (Victim's long time therapist and psychiatrist.) Exhibits C + D.

4. The trial court denied appellant his federal constitutional rights to confrontation and to present a complete defense by precluding evidence of the victim's therapist and child psychiatrist to attack the victim's credibility and veracity of her testimony. Appellant's attorney claimed it would be problematic for the defense. (See Marsden transcript) Exh. E.

2

5.   The Superior court denied appellant his federal
constitutional right to due process by not allowing the defendant
an opportunity to bring forth evidence in an evidentiary hearing
the facts surrounding the "McCoy error" in his case. The
court made no comments in this area. (see Exhibit F )

6.   The trial court denied appellant his federal constitutional
rights to due process by not allowing the defendant to bring
forth newly discovered evidence. ( The victim's personal
computer hard drive and its contents ). (Exhibit G.)

7.   Appellant was deprived of his constitutional right to
a fair trial due to the commulative prejudice of these errors.


REASON  FOR  GRANTING  REVIEW
Appellant was charged with molesting his adopted daughter
over a period of six years starting at the age of 5 to age 11.
Appellant received "NO DEFENSE" whatsoever and had tried
to present his defense theory that his adopted daughter had
fabricated her allegations of abuse on the internet as a ploy
to gain attention and noteriety. His daughter, who was in
"CONTINUAL" therapy since age 3, was having emotional issues
being adopted.  The trial court precluded appellant from
presenting this evidence in court because appellant's counsel,
Ms. Hale deemed the evidence problematic in her opinion.
(see Marsden transcript).  As a result, appellant had "NO
DEFENSE" theory and counsel then opted to concede her
client's guilt in order to avoid a life sentence.  Appellant
objected to this tactic before the start of court by not
testifying. Appellant made it clear to the court and counsel

3

that he would maintain his innocence. As a result, the jury instructions had to be changed to reflect that the appellant would not be testifying on his own behalf. Counsel in her closing statement, after presenting "NO DEFENSE," conceded her client's guilt anyway to the jury over her client's objection not to do so. The jury at this point had "NO" choice but to find the defendant guilty on all counts, since his attorney urged them to do so. This resulted in a conviction and a sentence of 137 years to Life for the defendant. This clearly shows that a "McCoy error" had occurred in this trial.

This case presents an issue of first impression and the opportunity for this court to provide guidance on a significant, recurrent issue of statewide importance. In McCoy v. Louisiana (2018) 138 S. ct. 1500, the Supreme Court of the United States held that defense lawyers must allow their client to dictate the fundamental object at trial, and must "NOT CONCEDE" statements the actus reus of a charged crime over a client's objections.

Appellant sought to apply the sound logic of McCoy's holdings to his 2013 case since the facts of his case align with those of McCoy. Appellant counsel did in fact concede guilt and that was preserved in the trial transcript. As the trial transcript clearly shows, the appellant attorney actively told the jury to find her client guilty of a count or lesser charge based on what apparantly he said in his police interview even though detectives were leading the defendant by their questioning tactics. This issue was brought

1  up on the direct appeal proceedings as a Miranda rights issue
2  involving improper police procedures. Appellant actively
3  objected before the start of court that he would not go along
4  with his attorney's strategy to concede to a count or lesser
5  and refused to testify in order to maintain his innocence
6  in the trial, however this did not happen. Appellant's counsel
7  conceded guilt over her client's objection not to do so.
8  It ultimately did not matter what her client's wishes were.
9  Appellant sought to present evidence of his alleged victim's
10 mental health issues, but his attorney thought this would be
11 problematic which is a lie, and totally unfounded.
12      After a sidebar ruling that no evidence regarding the
13 victim's mental health issues were to be brought up, the
14 defense had nothing to present as to a defense theory.
15 The Appellate court made NO comments on any of the above
16 mentioned facts.
17      This Court has not addressed the issue presented in
18 McCoy and herein. The superior court's and Court of Appeal
19 misapprehension of the relevance of the proffered evidence
20 in the trial transcript and defendant declaration and its
21 importance to secure a fair trial underscores the need
22 for this Court to provide clear guidance on the
23 applicability of McCoy to this case.
24      In short, the question squarely before this Court is
25 whether a "McCoy error" did indeed occur in this case
26 and what should be done about that. By granting this petition
27 this court can strike the proper balance between the
28 fundamental rights of defendants to present a complete defense

1  and maintain their right to be innocent before a court of

2  law.

3      If this Court decides to review the foregoing issue, it

4  should also review the claims of error presented in Arguments

5  III, IV and VI, as they stem from the trial court's

6  erroneous ruling at issue here.

7      <u>REASONS FOR GRANTING REVIEW - OTHER ISSUES</u>

8      <u>PRESENTED</u>

9      Review, by this Court is necessary because the trial court

10  violated appellant's federal rights and appellant must exhaust

11  his state remedies before seeking federal habeas relief.

12  ( O'Sullivan v. Boerckel (1999) 526 U.S. 838, 843-844.)

13

14      <u>STATEMENT OF THE CASE AND MATERIAL FACTS.</u>

15      Appellant adopts for purposes of this petition the statement

16  of the case and statement of facts set forth in the Court of

17  Appeal opinion. (Remittitur G050924 filed 9/21/2015). Appellant set

18  forth here a summary of facts culled from the opinion which

19  are directly pertinent to the issues presented.

20      <u>BACKGROUND</u>

21      Appellant and his wife adopted ( brother and sister) special

22  needs children who, the sister is the complaining witness here.

23  The pair had been removed from the paternal great-grandmother

24  because of abuse and neglect issues. Following emergency

25  placement into the Mammoth's home ( a license foster-parent

26  home), a social worker approached the Mammoth's about

27  taking the pair when they were 2 and 3 years old.

28      By all accounts, the pair adjusted very well and showed

1  a marked improvement in behavior while with the Mammoth's.
2  No one observed appellant ( social workers and therapists)
3  of being abusive or engaging in molestation behaviors.
4  Everyone believed that appellant was incapable of molesting
5  the sister, yet none were asked to testify.
6          In the Winter of 2005, the Mammoth's decided to adopt
7  the pair and give them a permanent loving home. Appellant
8  regularly took the family to therapy and was never alone
9  with his adopted daughter at home. In February of 2013,
10 the daughter alleged she was being molested by the appellant
11 through the internet while at home. A concerned parent
12 in Florida contacted C.P.S and the police, and charges
13 were filed against appellant without any prior investigation.
14 Two weeks later, the daughter recanted her allegations
15 in a therapy session at Loma Linda Medical Center for
16 Children, but by then nobody believed her.
17 CHARGES
18         The appellant was charged with five counts of aggravated
19 sexual assault on a child under the age of 14, namely, forcible sodomy
20 (Pen. Code § 269, sub (a)(3); counts 1-5, two counts of aggravated
21 sexual assault on a child under the age of 14, namely, forcible oral
22 copulation ( § 269, sub (a)(4); counts 6-7, five counts of sexual
23 intercourse/sodomy with a child under the age of 10 ( § 288.7 subd.
24 (a); counts 8-12; these charges were dismissed due to lack
25 of jury instructions, ten counts of forcible lewd act on a child
26 ( § 288, subd (b)(1); counts 13-22, and one count of possession
27 of child pornography ( § 311.11; count 23). (1 CT 35-
28 42.)

## THE TRIAL

The prosecution's case consisted of the testimony of the daughter and the detectives. The daughter testified regarding her memory of the alleged acts by appellant. The detectives testified as to the improper interview with the appellant. There were issues of Maranda rights violations brought up on direct appeal. Appellant denied touching his daughter and told detectives that his daughter had issues being adopted and things had been blown way out of proportions and that he was probably going to get blamed for something he did not do.

The jury was never informed of the internet allegations or that appellant's daughter was in "continual" therapy since age 3. The Mammoth's took her to regular counceling by mental health professionals who were mandatory reporters of child abuse and appellant's daughter ever reported that she was being or had been molested by appellant.

The defense present "NO" witnesses who would have testified that appellant lacked the character of a person who would engage in lewd acts with a child. The therapists and psychiatrist treating appellant's daughter were "NEVER CALLED" to testify regarding the mental heath of appellant's daughter.

Appellant denied that he had ever molested his daughter. He wanted to testify, however his attorney wanted him to concede to a charge or lesser and appellant felt that it was wrong to lie to get out of a life sentence, that he was innocent and refused to testify there by maintaining his innocence and NOT GUILTY PLEA. Appellant's attorney, however

did not see it that way and conceded her client's guilt
anyway over his objections not too.

In instructing the jury, the jury instructions had
to be changed to reflect that the defendant would not be
testifying and therefore that action does not reflect
that the defendant is guilty in anyway by not testifying
on his behalf. Appellant made this very clear to the
court before the start of trial that morning. He was
shocked that his attorney told the jury to find her client
guilty of one count of lewd behavior because he gave
details of doing some act to detectives, who were leading
the defendant to confess to something. After deliberating
for 2 hours, the jury found the defendant guilty on all
charges. The trial court sentenced appellant to 137 YEARS
to LIFE, plus 32 years determinant. Right before sentencing
appellant filed a Marsden motion complaining about the
concession of guilt as well as a discovery of new evidence
in the case.

I, II and III.

THIS COURT SHOULD GRANT REVIEW TO CLARIFY WHETHER
A "M^cCoy error" occurred in this trial when appellant's
attorney conceded her client's guilt after he informed the
court and her not to.

Appellant has a state and federal constitutional right
to present a complete defense, ( Evid Code, §§ 210, 350, 352;
U.S. Const. 6th and 14th Amends.; Cal Const Art I and 15;
see Crane v. Kentucky (1996) 476 U.S. 683, 690,
M^cCoy v. Louisiana 138 S. ct. 1500 ).

In a "McCoy error" case, defense lawyers must allow their clients to dictate the fundamental objective at trial, the right to maintain one's innocence, and must not concede statements the actus reus of a charge crime over a client's objections. The U.S. Supreme Court holds that a defendant has the right to insist that counsel refrain from admitting guilt. As the trial transcript reflects, appellant attorney clearly stated to the jury that her client should be found guilty of orally copulating his daughter based on what he said to detectives in an improper interview. Counsel claims that details given by the defendant clearly make him guilty by the meer mention of a sexual position. This was proof that the defendant comitted the crime. However, within her own argument, counsel states that she believe her client was lead by detectives in their questioning. It is the defendant's preogative, not counsel's to decide on the objective of his defense. Clearly, counsel here took that objective away from the defendant. The admitance of guilt in hopes of gaining some mercy, a reduction of a life sentence, clearly jeoparidized the defendant his ability to maintain his innocence, thereby removing the State's ability to prove beyond a reasonable doubt that the defendant comitted the said crimes. The right to defend is personal, and a defendant's choice in exercising that choice must be honored, out of that respect for the individual's right is the lifeblood of the law. This choice is not all or nothing, to gain assistance, a defendant need not surrender control entirely to counsel. Autonomy to decide that the objective of the

1   defense is to assert innocence belongs in the category of
2   decisions reserved for the client, not the attorney, as
3   in this case.
4          When a client expressly asserts that the objective of
5   his defense is to maintain innocence, here the defendant
6   pleaded NOT GUILTY TO ALL CHARGES, his attorney must
7   abibe by that objective and may not override it by
8   conceding guilt. Even in cases where a client declines to
9   participate in his defense, an attorney still gets permission
10  from the client to permissibly guide the defense pursuant to
11  a strategy that she believes is in the best interest of her
12  client and that may entail conceding guilt. Appellant attorney
13  even failed in that respect to her client's wishes. Presented
14  with those expressed actions and statements of the client's
15  will to maintain innocence, however, counsel may not steer
16  the ship the other way which counsel here did in this case.
17  Violation of a defendant's 6th Amendment secured autonomy
18  ranks as a error of the kind the U.S. Supreme decisions
19  have called "Structural"; when present, such an error
20  is not subject to harmless-error review. Counsel's
21  admission of a client's guilt over the client's expressed
22  objection is error structural in kind. Such admission
23  blocks the defendant's right to make the fundamental
24  choices about his own defense. And the effect of the
25  admission would be immeasurable because a jury would
26  be swayed by a lawyer's concession of her client's
27  guilt. Appellant attorney clearly crossed that boundary and
28  should be held accountable for her actions.

## IV

THE TRIAL COURT ERRED BY PRECLUDING EVIDENCE OF THE DAUGHTER'S HARDDRIVE AND HER CONTINUAL THERAPY TO ATTACK HER CREDIBILITY IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS TO PRESENT A COMPLETE DEFENSE AND CONFRONT THE WITNESS AGAINST HIM.

As stated, after the trial court excluded all evidence of the daughter's harddrive and continual therapy sessions, the defense was left with no viable defense theory. Appellant's counsel then took it upon herself to force her client into admitting to some form of guilt in order to avert a life sentence. As explained in the defendant's declaration as to those events before trial, counsel tried to convince her client to concede to a count or lesser charge, this had sounded logical at the time presented, however, the defendant later saw that an admission of guilt for something he did not do would result in lifting the burden of proof on the prosecution's case. The next morning, the defendant made clear to the court and counsel that he would not be testifying and felt that lying to get out of a life sentence was wrong. Counsel should have recognized that her client wanted to maintain his innocence at all costs. By the trial court precluding evidence of the daughter's hard drive and being in continual therapy, setup an environment that led counsel to concede guilt. This evidence would have shown that the victim had a motive to lie, had behavioral issues pertaining to her adoption and could fabricate wild stories on the internet. The appellant had no motive to molest since his daughter attended regular counceling session and talked about all kinds of family

1  problems.  Surely abuse issues would have been reported by
2  these mental health specialists and reported immediately. There
3  were no reports ever made by these professionals for years.

4                                    V

5  THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF CONFRONTATION,
6  DUE PROCESS AND TO PRESENT A COMPLETE DEFENSE BY NOT
7  ALLOWING  CONFLICT COUNSEL TO DEVELOP A MOTION BASED ON
8  NEWLY DISCOVERED EVIDENCE FOUND AT THE CLOSE OF TRIAL.

9          The trial court erred by not granting conflict counsel to
10  develop a motion for a new trial based on newly discovered
11  evidence, the hard drive used by the victim to make her
12  allegations of sexual abuse on the internet.  The drive contains
13  emails, text messages and chatroom conversations that show the
14  victim pretending to be an older person. She was 10 years old
15  at the time. The trial court's ruling precluded appellant from
16  disclosing this evidence and a possible motive for the victim's
17  false allegations of molestation against appellant. Further, the
18  hard drive evidence (see investigator's Report) would directly
19  relate to the victim's credibility and reliability to tell the
20  truth. The error violated appellant's rights under the Cal and
21  federal Constitutions on the grounds that appellant was denied
22  effective counsel and therefore his constitutional right of
23  confrontations and due process to present a complete defense.
24  (U.S. Constitution 6th Amend and 14th Amend; Cal Const. art 1+15;
25  Davis v. Alaska supra, 415 U.S. at 315; People v. Quarterman
26  (1997) 16 Cal. 4th 600, 623-624. The Court of Appeal upheld
27  the trial court's erroneous rulings. Applications of the factors
28  from Delaware v. Van Arsdall, supra, 475 U.S. at p. 648  to

                                    13

1  appellant's case demonstrates that the errors were not harmless.
2  The victim's testimony was central to the prosecution's
3  case. The case against appellant was inherently weak
4  because it was based entirely on the victim's credibility.
5  Appellant's convictions must be set aside.

6                                    VI

7     PURSUANT TO THE DUE PROCESS CLAUSE OF THE FIFTH AND
8  FOURTEENTH AMENDMENTS, THE JUDGMENT MUST BE REVERSED
9  DUE TO THE CUMULATIVE PREJUDICE FLOWING FROM THE ERRORS
10 IDENTIFIED ABOVE.

11        Assuming that this Court will actually read this brief and
12 take the time to review this case and conclude that none of
13 the six errors identified above individually warrants reversal,
14 the cumulative effect of the errors compels a finding of
15 prejudice. ( Chambers v. Mississippi, supra, 410 US. at 302-303
16 People v. Hill (1998) 17 Cal. 4th 800, 844- 845.)

17        Had error not occurred, the Jury would not have
18 made the choice to convict on all counts. Further, the Jury
19 would have heard the testimony of mandated Reporters of abuse,
20 the therapist and child psychiatrist, treating appellant's daughter
21 and addressed the issues in behavior. The Jury also would
22 have had evidence that the victim's credibility was at stake and
23 her motives would have been uncovered as to why she made her
24 false allegations in the first place. Finally, the Jury would
25 not have been influenced by appellant's attorney comments on
26 conceding guilt. The prejudicial impact of these errors cannot be
27 discounted. As previously demonstrated, it is clear the Jury had
28 no choice but to convict the appellant. This requires reversal.

## CONCLUSION

For the foregoing reasons, Appellant urges this Court to review this case.

Dated: July 15, 2021

Respectfully Submitted

MICHAEL R. MAMMOTH

IN PRO PER

Exhibits Page

A) Jury instruction 355 and 359

B) Defendant's Declaration

c) Investigator's Report and Subpoena notices

D) Letter from Therapist stating he was never contacted
by the Public Defender's Office.
Loma Linda Hospital Report

E) Marsden transcript

F) Trial transcript

G) Investigator's Report of Victim's hard drive
Snap shots of hard drive's contents
Attorney's note's on subject
District Attorney's Investigator Report

(Exhibits are available upon Request of the Court)

Michael B. Meredith
ARS773  ASP 630
1 Kings Way
P.O. Box 906
Avenal, CA. 93204





Legal Mail

**Legal Mail**





PRIORITY MAIL

neopost
09/23/2021
US POSTAGE $008.55⁰

ZIP 93204
041L12204690



lerk of the United States District Court. central District California

United States Courthouse

Attn: Intake / Docket Section

312 North Spring Street

Los Angeles, California 90012



09-21-2021

N. PALLAS

BADGE #97907

PRIORITY MAIL

08.55⁰

ZIP 93204
L12204690

GO ROYBAL

X-RAYED

ntral District California