

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL REINHOLD MAMMOTH, | ) | No. ED CV 21-1641-JAK (PLA) |
| Petitioner, | ) | **ORDER DISMISSING SUCCESSIVE** |
| v. | ) | **PETITION WITHOUT PREJUDICE** |
| ROSEMARY NDOH, | ) | |
| Respondent. | ) | |

I.

**BACKGROUND**

On September 24, 2021, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). On August 23, 2013, petitioner was convicted by a Riverside County Superior Court jury of forcible sodomy on a child under the age of fourteen, in violation of California Penal Code section 269(a)(3), two counts of forcible oral copulation on a child under the age of fourteen, in violation of California Penal Code section 269(a)(4), five counts of sexual intercourse/sodomy with a child under the age of ten, in violation of California Penal Code section 288.7, ten counts of forcible lewd acts on a child, in violation of California Penal Code section 288, and one count of possessing child pornography, in violation of California Penal Code section 311.11. (See ECF No. 1 at 2; Case No. ED CV 16-2648-JAK

(PLA), ECF No. 30 at 2).  Petitioner was sentenced to 137 years to life in state prison.  (See id). The Petition challenges petitioner's 2013 conviction on the following grounds:  trial counsel conceded petitioner's guilt in violation of McCoy v. Louisiana, 138 S. Ct. 1500 (2018)[1]; petitioner had the right to maintain his innocence; petitioner's right to present a complete defense was violated; petitioner's right to confrontation was violated; and the superior court denied petitioner's McCoy claim without holding an evidentiary hearing.  (ECF No. 1 at 5-6).

On December 28, 2016, in case number ED CV 16-2648-JAK (PLA), petitioner filed an earlier habeas petition in this Court (the "2016 Petition").  (Case No. ED CV 16-2648, ECF No. 1). The 2016 Petition also challenged petitioner's 2013 conviction, and contained the following claims:  (1) the evidence was insufficient to support the verdict; (2) the trial court violated petitioner's rights to due process and a fair trial by allowing the introduction of certain evidence; (3) petitioner's Fifth Amendment right to silence was violated; (4) petitioner was deprived of his right to counsel; and (5) trial counsel was ineffective.  (Id., ECF No. 30 at 4-5).  Judgment was entered on September 6, 2017, dismissing the 2016 Petition with prejudice.  (Id., ECF Nos. 46, 47).  A certificate of appealability was denied by the District Judge and the Ninth Circuit.  (Id., ECF Nos. 53, 54).

## II.

## DISCUSSION

"A petition that challenges the same judgment as a prior habeas petition is considered second or successive."  Christian v. Thomas, 982 F.3d 1215, 1221 (9th Cir. 2020); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam) (federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition).

---

[1]    In McCoy, the Supreme Court held that a defendant's Sixth Amendment rights are violated if defense counsel concedes guilt over the defendant's express objections to doing so. 138 S. Ct. at 1512.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).  Under this procedure, an applicant must file in the court of appeals a motion for leave to file a successive habeas application in the district court.  See 28 U.S.C. § 2244(b)(3)(A).  In turn, the court of appeals may authorize the filing of a successive petition if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Here, because the instant Petition is challenging the same judgment as the 2016 Petition, the instant Petition is successive.  See Christian, 982 F.3d at 1221.  Although it does not appear that petitioner satisfies any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A)[2] or (B), even if he could make such a showing, he is still required to request *and obtain* authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition).  Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the Petition.  See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

---

[2]  In particular, the Court notes that petitioner's McCoy claim does not qualify under § 2244(b)(2)(A), as "the Supreme Court has not made McCoy v. Louisiana retroactive to cases on collateral review." Christian, 982 F.3d at 1215.

1   Accordingly, dismissal of the Petition without prejudice as successive is appropriate.[3]

2

3   ### III.

4   ### CERTIFICATE OF APPEALABILITY

5   Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a

6   certificate of appealability ("COA") when entering a final order adverse to the petitioner.  See also

7   28 U.S.C. § 2253(c).

8   A petitioner may not appeal a final order in a federal habeas corpus proceeding without

9   first obtaining a COA.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA may issue "only

10  if . . . [there is] a substantial showing of the denial of a constitutional right."  28 U.S.C. §

11  2253(c)(2).  A "substantial showing . . . includes showing that reasonable jurists could debate

12  whether (or, for that matter, agree that) the petition should have been resolved in a different

13  manner or that the issues presented were 'adequate to deserve encouragement to proceed

14  further.'"  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)

15  (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000).  "When the

16  district court denies a habeas petition on procedural grounds without reaching the prisoner's

17  underlying constitutional claim, a COA should issue when . . . jurists of reason would find it

18  debatable whether the petition states a valid claim of the denial of a constitutional right and that

19  jurists of reason would find it debatable whether the district court was correct in its procedural

20  ruling."  Id. at 484.

21

22  [3]   If petitioner wishes to make a successive habeas application, he must file a
    "Motion for Order Authorizing District Court to Consider Second or Successive Petition
23  Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until
    the Ninth Circuit issues such an order, any direct or implied request for a second or
24  successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed
    **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the
25  petition.

26      If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a
    successive petition, he should file a new petition for writ of habeas corpus.  He should not
27  file an amended petition in this action or use the case number from this action because the
    instant action is being closed today.  If petitioner files a new petition, the Court will give that
28  petition a new case number.

1    Here, reasonable jurists would find that the Court correctly determined the Petition should

2    be dismissed as successive.  Accordingly, a certificate of appealability is **denied**.

3    **IV.**

4    **CONCLUSION**

5    IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as

6    successive.  A certificate of appealability is also **denied**.

7

8    DATED:   _October 6, 2021_____    _____

9    JOHN A. KRONSTADT
     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28